Counsel, you may proceed. Thank you, Your Honor. May it please the Court, my name is Myrna Beards and I represent Jose Trinidad Hernandez-Lopez. Mr. Lopez did not waive his right to appeal his case. He pled pursuant to a plea agreement which contained a waiver of his appellate rights, which was conditional. The plea agreement stated, provided that the defendant is sentenced in accordance with this plea agreement, then he would waive his right to appeal the sentence in post. This conditional clause was ambiguous, and the plea colloquy did not remove the ambiguity inherent in that clause. This Court has considered precisely the same language in these plea agreements out of our circuit in four different cases. These are all memorandum dispositions. In two of them, this Court has held that this the language was ambiguous and there was no remedy during the plea colloquy. In two of the cases, this Court held that the plea colloquy was able to remove the ambiguity. In none of these cases did this Court mention or talk about what kind of language or what kind of the magistrate judge taking the defendant's plea, what statements would have removed the ambiguity. But first of all, it must be noted that in all of these cases, this Court the courts have acknowledged that this kind of ambiguity should be held against the drafter of the plea agreement, and in each one of those cases, the drafter was the United States government. Sotomayor, what about United States v. Perez-Mencia? Yes, Your Honor. That was recently decided, and the Court there held that the magistrate judge was able to explain what this condition meant. Isn't that what we have in this case? Well, again, that memorandum decision in Perez-Mencia merely stated that the judge explained. It doesn't specify what the particular magistrate judge did in order to remove this ambiguity. In two other cases, Aguilar-Banuelas and Banos-Mejia, the Court, this Court stated that there was no sufficient explanation. Well, what's insufficient about the explanation given here? Well, in this particular case, it was insufficient because what was at issue was whether Mr. Hernandez-Lopez had committed a crime of violence, which of the 24 different ranges specified in the plea agreement applied to him. And what the magistrate judge did was he continually referred to this condition of whether the court sentenced him in accordance with a range that was consistent with this plea agreement. Well, the plea agreement listed 24 different ranges. And the magistrate judge said that the district judge could choose any one of them and then says, is there any one of the ranges you would be subject to depending on what level applies to you, which category you're in? Defendant, yes. The Court, and you bind yourself to this agreement. The defendant, yes. And just a moment later, he goes through the process of saying, if you accept this, you're agreeing not to appeal the sentence to a higher court. At the end of that, the defendant says, yes. Yes, Your Honor, but again, there's a reference back to the sentence being in accordance with the plea agreement, consistent with this plea agreement. And the court and the magistrate judge had already told Mr. Hernandez-Lopez that he could find himself in any one of these ranges. And the defendant kept answering yes. So how did he not know that he could wind up in any one of those ranges, and yet he had waived his right to appeal? Because there had already been discussion on the record that it was not known which one of those ranges he would fit in. And the defendant still said yes. The magistrate did not say the magistrate judge did not say the district judge will choose one of these ranges. And if you disagree, that means the sentence is not consistent with the plea agreement and you're allowed to appeal. But if you agree with the range he picks, then you've waived your right to appeal. That's not what the magistrate judge said. The magistrate judge said the district court could choose any of the ranges, you'll be subject to that range, yes, and you waived your right to appeal, yes. What's missing? I disagree slightly with the Court's characterization of what the magistrate judge said. Again, the magistrate judge said that the district court will make a decision what the sentence should be given the terms of this plea. So again, there's this continual reference back to the many different. I've read you what I looked at in the transcript. If you want to point me to something else, I'll look at that. But what I read looks pretty clear. Your Honor, this is, I believe, the crux of what was said at the plea. I don't want the crux, I want the words. I'm looking at the words. You can tell me there's a crux someplace else, but you better point me to the words that represent that crux. Your Honor, I'm agreeing that this is our argument, that this argument, that these words that the Court is pointing at do not remove the ambiguity. Obviously, the Court is disagreeing. Sotomayor, can I ask a different kind of question? And this probably just exposes my ignorance of this particular kind of plea agreement. But this is essentially a contract, yes? Correct, Your Honor. And it's a contract governed presumably by Federal common law, yes? Yes. And one of the essential terms of the contract is extraordinarily uncertain, because it's a contract whose essence is about sentencing, and yet it points out that the parties are making an agreement about something like 20-some different sentencing possibilities. So, I'm just wondering whether it's not a void contract, because an essential term of the contract is completely uncertain, having nothing to do with what was said by the magistrate, having nothing to do with what was said in colloquy, because a contract is judged by its terms. So I just wonder if that maybe I'm — that's a crazy approach, but I thought I'd throw it out there to see if you and your adversary had any comment about that. Well, Your Honor, we obviously agreed that, yes, this is an extremely ambiguous contract and, therefore, a major difficulty. However, this did not show that it has to be a void contract. It's not a question of ambiguity. I mean, it may be that, too, but it's a question of if a term is so indefinite, then there's no contract. I think that's basic contract law. So — and the term here, which is namely the parameters of the sentencing, is very indefinite, because there's so many possibilities. It's not like a ordinary sentencing agreement where you say the parties agree that the guideline range is X, the offense level is Y, the criminal history is Z, and if there's — you know, that still leaves a modest little range, but any sentence within that range or below, there'll be no appeal. This is very different. This is saying there are the umpteen different possibilities, and we're sort of making a global agreement about all those possibilities. I would agree, Your Honor, that is not the argument that we are putting forward, because this circuit has held that the plea colloquy may remove the ambiguity. Well, that was when it was — when the argument was one of ambiguity. Ambiguity is at least — and I'm frank to say this is maybe just a cockamamie idea, but it seems to me it's not an issue of ambiguity. It's an issue of indefiniteness of a contractual term. I would agree. Yeah, well, I know you would. I'm really laying this out to give your adversary a chance to think about it. If you want to run with it, go with it, you know. I'm interested in what your adversary is going to say about that. Thank you. Thank you. I have 12 seconds, or 11 seconds left, so unless the Court has — would like to hear argument on the merits of our — of whether the underlying offense was a crime of violence or not, I'll — my time is up. Well, thank you, counsel. Thank you. We'll hear from the government. Thank you, Your Honor. Good morning. May it please the Court. My name is David Savelle. I'm an assistant U.S. attorney in the District of Arizona in the Tucson office representing the United States this morning. I'll go directly to Judge Rakoff's question first. Your Honor, obviously, the Court's well aware that that was not an argument that was — that was previously briefed, or the government certainly didn't have an argument. Absolutely. And — and I — but I gave you a full 30 seconds to prepare to meet it, so — I appreciate that, Jonathan. I appreciate that. My recollection of the law of contracts as it comes — as it's applied to plea agreements is not clear. But I can tell the Court that, based on my experience as a prosecutor, that is a — that is a — the issue of what sentence exactly a defendant is going to get is always — is always ambiguous in a plea agreement, unless there's an actual stipulated sentence, which the parties have agreed upon, the question of whether or not — what the judge is going to do is always an ambiguous term in every plea agreement. So I would — I would submit to the Court that — Your Honor, the agreement as to — the agreement as to waiver of the appeal is normally not indefinite. The normal — normal agreement would say, we agree the guideline range is, say, 30 to 37 months. The — if the judge sentences the defendant to 37 months or less, he waives his right of appeal. So there's nothing indefinite there, what sentence the judge is going to impose is indefinite, but not the agreement as to what triggers the waiver of the right of appeal. Here, the agreement is, if the sentence is any of various possibilities, depending on this whole long chart of, you know, criminal history categories and ranges set forth in the agreement, and then depending which one kicks in, then he waives his right of appeal if the sentence is within or below the guideline range, seems to me to be arguably much more indefinite than the one I've described as the normal one. Well, we would argue that it's not that indefinite, Your Honor. The number of ranges are based on the criminal history category, which is not an issue in this case. So that reduces the levels from actually 24 ranges to actually four different ranges, because there was never really a question as to the criminal history category. So the question is, does that make sense? Sotomayor, I'm looking at page 65 of the excerpt of record, which is the plea agreement, and it does list, what, 24 options there? That's correct, Your Honor. Connect what you've just said to this. Is that what you're referring to? That's what I'm referring to, Your Honor. The – those – there's 24 ranges because there's six different criminal history categories which are accounted for in each different range. And so the criminal … Yeah, but you said that something was out of the case, or did I misunderstand that, that you said that there wasn't any dispute as to what? The criminal history category, which the defendant was in. All right. But that doesn't affect, or does it, the offense level? It doesn't affect the offense level, Your Honor, but it reduces the number of options for the court. There's never really a question as to the – there was never a question in this case. Okay. So it has to be a three, then. Pardon me? It has to be a criminal history three level? In this case, yes. So there are four options, not 24. There was really four options. Okay. Because there's no dispute over the criminal history category. All right. Okay. So – and, Your Honor, in this case also, as a record in – on ER 47, the defense count – there was not a mystery as to what this was most likely going to be.  Just on your last point, forgive me for interrupting. But supposing the judge, notwithstanding that there was no dispute between the parties as to criminal history category, supposing the judge had said, I find the criminal history category is four, would this agreement still apply? Would the waiver still apply, Your Honor? Yeah. The waiver would still apply. So the fact that the two of you agreed that on this endless chart of possibilities the criminal history category would just be one of those possibilities, something nowhere reflected in the agreement itself, is – doesn't remove the issue of indefiniteness, it seems to me. Because the agreement on its face says even if the judge picks a different criminal history category, if he picks any of the categories in this list, which is something like 32 or something. There's 24 different. Twenty-four. The agreement still applies. We don't agree that that's a large enough ambiguity to vitiate the plea agreement, Your Honor. There's – Basically, what you're arguing is that so long as the sentence was between 0 and 78 months, those appear to be the extremes, it would be valid. That's correct, Your Honor. And that's supported by the ---- I've never seen one of these plea agreements before. Typically, as Judge Rakoff points out, it's more narrow. Is this conventional in your district? This is a common plea agreement, Your Honor, and it's also the exact same plea agreement that was referred to in the four different unpublished opinions. In fact, my opponent said that there was precisely the same language in the appellate waiver. That's actually not true. In Bania-Smihian and Aguilar-Balbuena, the plea agreement, the waiver language was the same, but to each other. But there was an additional part of language that was in this plea agreement, in this case, as well as Paris-Mencia, and that's at lines 7 through 9 at ER67. Where, excuse me, the plea waiver specifically applies by its language to any aspect of the sentencing. This is so this is a ---- this language, which is at 7 and 9, was added after Aguilar-Balbuena and Bania-Smihian. So it's specifically accepting or specifically roping in the sentencing determination to the field waiver. Supposing the parties hypothetically entered into an agreement that said Mr. Jones will enter a plea to this particular offense, carrying a sentence of from 0 to 20 years, and regardless of what the sentence is or how it's calculated, the defendant hereby waives his right of appeal. Is that a valid agreement? I think that would be a valid agreement, Your Honor. You think that would be a valid agreement? Yes. As long as the defendant is aware of the potential range of sentence that he's facing, he can validly waive the right to appeal. That's the whole purpose behind the appellate waiver. It's not like the defendant is not getting anything in exchange. What's he getting in my hypothetical? What's he getting in exchange? Well, I don't know what he's getting, Your Honor, besides the fact he's getting a lot. Well, the claim would be, well, they could have charged him with three counts, and he's only pleading to one. That could be one of the benefits. In this case, he was given two counts. And that's a sufficient benefit to allow an agreement of such breadth as the one I just described, in your view. If the defendant agreed to waive in exchange for a sentencing range of 0 to 20 years? Yes. I'm not unaware of any case law that says that specifying a specific range would vitiate the appellate waiver, Your Honor. I guess the only limitation, no appellate waiver applies to a claim of ineffective assistance. That's correct, Your Honor. And so if somebody entered into a wildly excessive or limiting agreement, presumably that person may have an IAC claim thereafter. Or if they felt that or if there was evidence that the counsel didn't, you know, vigorously argue enough for the sentence that he felt was appropriate. I mean, if you give it, that would be the nonbenefit of giving such a wide range is you give the defendant such a, you give an opportunity to say, well, my counsel didn't perform adequately enough. Can I ask a different question? And why, if you know, why does your district have this kind of agreement as opposed to a specific agreement where you calculate what the parties think the guideline range should be? Would the guideline range be calculated and agreed upon, Your Honor? Yes. Well, I hate to speculate, but my speculation would be that the fact that in order to get the plea agreements done in a more timely fashion, the plea is entered into before the final documents are actually received to become, to come to a final determination. I've heard it said that part of the fast-track program pushing it through very quickly is that the agreements are deliberately entered into with some uncertainty as to what's going to be disclosed when they finally do get that documentation. So they lay out alternatives. We lay out the alternative and, you know, usually what often happens is that the defendant has, there's not enough documents to prove the 16-level enhancement, so the lower the fact that the lower ranges are in the plea agreement cover that possibility. And I see that my time is up. Thank you, counsel. The case just argued will be submitted for decision.
judges: Rakoff, O'scannlain, Clifton